UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                        **INDICTMENT**

MATTHEW MENCARELLI,

        Defendant.

_____

The Grand Jury charges:

**COUNTS 1–7**
(Wire Fraud)

Between approximately January 2018 and January 2022, in Kent and Ottawa Counties, in the Western District of Michigan, Southern Division, and elsewhere, the defendant,

MATTHEW MENCARELLI,

knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

The scheme consisted of MENCARELLI soliciting individuals to invest in infrastructure construction projects pursuant to contracts MENCARELLI, or others he was supposedly working with, had secured with state and local governmental entities.  MENCARELLI made different materially false representations and promises to different investors, and in some instances falsely represented that he,

or others with whom he was working, had a contract to lay fiber optic cable in or around Traverse City, Michigan.  In some instances, MENCARELLI falsely represented that to maintain the government contract, he had to show the governmental entity that he had a large sum of cash on hand as a form of surety, and so told the investor that there was no risk associated with the investment, as MENCARELLI simply needed such a sum of cash to show the governmental entity, and it would remain untouched in a bank account until it was paid back with interest.  In fact, MENCARELLI had no such government contract, maintained no such account of funds, and was not working with anyone else who had such a government contract.  MENCARELLI misappropriated the money he received from investors, using it, among other things, to pay off earlier victims or for personal expenses.

On or about each of the dates set forth below, in Grand Rapids and Holland, in the Western District of Michigan, and elsewhere, the defendant, for the purpose of executing the scheme described above, and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce the writings, signals and sounds described below for each count, and aided and abetted such transmission, each wire communication constituting a separate count:

| Count | Date | Description |
|---|---|---|
| 1 | May 7, 2020 | Electronic mail from MENCARELLI to T.S. attaching a fraudulent bank statement falsely representing a $160,300 Automated Clearing House wire transfer to T.S.'s bank account. |
| 2 | October 29, 2020 | $20,000 check payment drawn from the bank account of D.A. which MENCARELLI caused to be deposited through wires into his Matthews Woodworking bank account with TCF Bank. |
| 3 | October 29, 2020 | $15,000 check payment drawn from the bank account of D.A. which MENCARELLI caused to be deposited through wires into his Matthews Woodworking bank account with TCF Bank. |
| 4 | September 20, 2020 | $40,000 check payment drawn from the bank account of H.B. which MENCARELLI caused to be deposited through wires into his Matthews Woodworking bank account with TCF Bank. |
| 5 | January 8, 2021 | $100,000 wire drawn from the bank account of B.M. deposited into MENCARELLI's Matthews Woodworking bank account with TCF Bank. |
| 6 | January 13, 2021 | $10,000 check payment drawn from the bank account of E.C. which MENCARELLI caused to be deposited through wires into his Matthews Woodworking bank account with TCF Bank. |
| 7 | February 3, 2021 | $375,000 wire drawn from the bank account of V.S.F. deposited into MENCARELLI's Matthews Woodworking bank account with TCF Bank. |

18 U.S.C. § 1343

## FORFEITURE ALLEGATION
### (Wire Fraud)

The allegations contained Counts 1-7 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of any of the offenses in violation of 18 U.S.C. § 1343 set forth in Counts 1-7 of this Indictment, the defendant,

MATTHEW MENCARELLI,

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the violations. The property to be forfeited includes, but is not limited to, the following:

1. MONEY JUDGMENT: A sum of money equal to at least $718,680, which represents the proceeds obtained, directly or indirectly from the offenses charged in Counts 1-8.

2. REAL PROPERTY: 1970 Post Drive NE, Belmont, Kent County, Michigan 49306 (Parcel Number 41-10-16-176.012).

3. SUBSTITUTE ASSETS: If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461(c)
21 U.S.C. § 853(p)
18 U.S.C. § 1343

A TRUE BILL

[ /s/ Redacted ]
GRAND JURY FOREPERSON

MARK A. TOTTEN
United States Attorney

_____
STEPHEN P. BAKER
Assistant United States Attorney